**SULAIMAN LAW GROUP**
Bobby C. Walker, Esq.
California Bar No. 321788
Sulaiman Law Group
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 Ext. 149
Fax: (630) 575-8188
bwalker@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RADKE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARS NATIONAL SERVICES INC.,<br><br>　　　　Defendant. | Case No. **'22CV0958 L    BLM**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

**NOW COMES** BRANDON RADKE ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, ARS National Services Inc., ("Defendant"), as follows:

## NATURE OF THE ACTION

1.　　Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

1

## JURISDICTION AND VENUE

2.     Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(1) as Defendant is domiciled in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial circuit.

## PARTIES

4.     Plaintiff is a natural person, over 18-years-of-age, which at all times relevant resided in Rockmart, Georgia.

5.     Defendant, ARS National Services Inc. is a debt collection firm that collects debts owed to third parties. Defendant is incorporated under the laws of the state of California with its principal place of business located at 270 W 2nd Ave, Escondido, California.

## FACUTAL BACKGROUND

6.     Prior to the events giving rise to this action, Plaintiff applied and obtained a line of credit with JPMorgan Chase Bank, N.A. ("Chase").

7.     Sometime in 2020, Plaintiff experienced some financial difficulties that left him unable to maintain timely payments to Chase resulting in a past due balance of $4,297.01 ("subject debt").

8. Subsequently thereafter, Defendant obtained the rights to collect the subject debt.

9. On or around June 17, 2022, Defendant mailed a collection notice to Plaintiff attempting to collect the subject debt.

10. Furthermore on June 20, 2022, Defendant began placing outbound calls to Plaintiff's father Marty Radke at his cellular telephone ending in 7439.

11. Specifically, Marty answered Defendant's incoming call and spoke with a representative who asked to speak with Plaintiff directly.

12. Marty informed Defendant's representative that his name was Marty Radke.

13. Without missing a beat, Defendant's representative attempted to verify Plaintiff's date of birth with Marty, in which he did not provide.

14. Moreover, Defendant's representative continued to disclose that they were attempting to collect a balance over $4,000 owed by Plaintiff.

15. Marty was uncomfortable discussing his son's debt without prior consent and terminated the call with Defendant's representative.

16. Immediately thereafter, Marty contacted Plaintiff to inform him of the telephone call with Defendant.

17. Plaintiff was embarrassed that his father received confidential information regarding the subject debt without his prior consent.

18. In addition, Plaintiff's father was never an authorized user or co-signer for the subject debt at any point in time.

19. As a result of Defendant's actions, Plaintiff retained counsel to have his rights vindicated.

## DAMAGES

20. Defendant's phone harassment campaign was highly upsetting and inconvenient to Plaintiff and the Plaintiff's father, which has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, and emotional distress.

21. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress stemming from Defendant's harassment in a manner that presented a material risk of harm to Plaintiff's concrete interests under the FDCPA.

22. As a result, Plaintiff was forced to expend time and energy to retain counsel as a result of Defendant's conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

24. The debt on which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

29. Defendant violated 15 U.S.C. §§1692b(2), c(b), and d through its unlawful debt collection practices.

    a.    **Violations of FDCPA §1692b**

30. Pursuant to §1692 b(2) of the FDCPA, prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

31. Defendant violated §1692b(2) when it called the Plaintiff's father and disclosed confidential information about the debt.

5

32. Specifically, Defendant violated §1692b(2) by disclosing to his father that the Plaintiff owes the subject debt totaling nearly $4,000.

### b. Violations of the FDCPA §1692c

33. Defendant violated §1692c(b) when it contacted the Plaintiff's father regarding the subject debt that was owed by the Plaintiff.

34. Moreover, Plaintiff's father was not a cosigner or authorize user of the subject debt. Defendant is a debt collector and knows or should have known the laws regarding disclosure of confidential information to third parties.

### c. Violations of FDCPA §1692d

35. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in an conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

36. Defendant violated § 1692d when it contact Plaintiff's father and disclosed confidential information regarding subject debt. Defendant's actions were intended to embarrassed and humiliate Plaintiff into paying the subject debt.

**WHEREFORE**, Plaintiff, BRANDON RADKE, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoining Defendant from further contacting Plaintiff and Plaintiff's family;

c. Awarding Plaintiff statutory and actual damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: June 29, 2022                                Respectfully submitted,

/s/ Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
Sulaiman Law Group
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 Ext. 149
Fax: (630) 575-8188
bwalker@sulaimanlaw.com
*Counsel for Plaintiff*